**Anthony ROGERS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44207.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 20, 1981.

affirmed the judgment convicting defendant of second-degree murder. So it is here.

In granting defendant Rogers' Rule 27.26 motion the trial court relied on *State v. Handley*, 585 S.W.2d 458 (Mo. banc 1979). Thereafter, *Handley* was overruled by *Wilkerson*. The judgment herein setting aside defendant's conviction for second-degree murder must be and is reversed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

Bert Gates, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged movant-defendant with first-degree murder, § 565.003, RSMo. 1978. The trial court directed a verdict for defendant on that charge but on its own motion instructed on second-degree murder and manslaughter. The jury found defendant guilty of second-degree murder, § 565.-004, RSMo.1978; the court sentenced him to 20 years in prison. He has now filed a Rule 27.26 motion to set aside that conviction.

The issue before the Rule 27.26 court was this: Was the second-degree murder submission proper as a lesser included offense of the charged first-degree murder? That question was squarely answered in the affirmative in *State v. Wilkerson*, 616 S.W.2d 829[1–3] (Mo. banc 1981). There, as here, defendant was charged with first-degree murder and found guilty of the uncharged offense of second-degree murder. *Wilkerson* appealed.

The *Wilkerson* court specifically held that under both § 556.046, RSMo.1978, and its predecessor, § 556.230, RSMo.1969, second-degree murder is a lesser degree of the charged offense of first-degree murder. It

